

FILED

APR 09 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALVIN J. DUNCAN,<br><br>Petitioner,<br><br>vs.<br><br>JOHN DOE, FCC,<br><br>Respondents. | Cause No. CV-18-160-BLG-SWP-TJC<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Alvin J. Duncan, appearing pro se, filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint. The Complaint alleges that between June 20, 2015, to the present day, unidentified individuals are attempting to murder him, assault him with a nuclear weapon, and are engaging in psychological, nuclear, and civil warfare against him. He alleges that these acts violate his constitutional rights and constitute cruel or barbaric detention. (Doc. 2 at 6, ¶III (A)(1)-(2)). Mr. Duncan is not currently in custody.

Mr. Duncan has also filed a Motion for Warrant (Doc. 4), Motion to Compel (Doc. 6), and Motion for Order (Doc. 7.) The motion to proceed in forma pauperis will be granted, but the Complaint should be dismissed as frivolous. The remaining motions will be denied.

1

## I. Motion To Proceed In Forma Pauperis

Mr. Duncan filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Because it appears he lacks sufficient funds to prosecute this action, the Court will grant Mr. Duncan's application. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Duncan's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statue under which leave to proceed in forma pauperis is permitted, 28 U.S.C. §1915, also requires the Court to conduct a preliminary screening of all the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Mr. Duncan's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2).  See, *Huftile v. Miccio-Fonseca*, 410 F. 3d 1136, 1138 1142 (9th Cir. 2005).

## II.  Background

Mr. Duncan claims that he is also known by his code name of Young Einstein, and that he was a five-star general and "Full Bird U.N. The American Scientist NATO Sanctioned." (Doc. 2 at 4.)  Duncan also advises the Court he has diplomatic immunity and is the "American SCAT" with the United Nations.  (Doc. 2 at 9, ¶VII.)

Mr. Duncan asserts he belonged to Navy SEAL Team 2 Platoon, and that he, along with his team, invented and built a computer and phones that are capable of putting IT on humans via Electro Magnetic Frequency (EMF).  *Id.* at 6; see also, (Doc. 2-1 at 3-4.)  Duncan states this is done through satellites and is modeled after Albert Einstein's original invention.  *Id.*  Duncan believes someone has stolen this technology and is using it on Duncan and his family.  He has submitted to uranium tests to support his claim. *Id.*

Mr. Duncan names "John Doe" defendants until he can identify them for certain, but he advises that Ryan Duncan and Daryl Christopher Duncan of Miles City, Montana,[1] and their families, currently have his computer.  *Id.* at 6.  Duncan

---

[1] It appears these individuals may be family members of Mr. Duncan.  See e.g.

3

believes this computer was given to them by Chavis Birdall of Forsyth, Montana. *Id.*

Mr. Duncan has made a Freedom of Information Act (FOIA) request for the signal and Internet Protocol ("IP") Address for the computer being used on him and on his family. See generally, (Doc. 2-1.) Duncan asserts he is being tortured and poisoned with uranium via the computer/satellite and requests this Court order the Defendants to disclose the signal and IP address of the computer. *Id.* at 4. Duncan also submitted a subpoena deuces tecum seeking to compel the Federal Communications Commission ("FCC") to produce the IP address and provide the signals which are going into his body. (Doc. 2-2.)

In support of his complaint Duncan submitted various exhibits, including: a confidential evaluation of Duncan performed by Dee Woolston, PhD, filed under seal in the City of Billings Municipal Court, along with a corresponding motion and order (Doc. 2-3 at 2-6, 23-27); a Billings Municipal Court Omnibus Order and minute entry (*id.* at 7-8, 10, 28, 31); an authorization for Duncan's release from the Yellowstone County Detention Facility (*id.* at 9, 30); Duncan's 2017 test results from GEL Laboratories (*id.* at 11-12); a 9/29/17 letter from Duncan's physician to the Miles City Police Department disclosing results of radiation testing performed

---

(Doc. 2-3 at 3)(in "Clinical History" Dr. Wolston notes that Mr. Duncan reported the computer "was to have been sent to him, but it was diverted, possibly by members of his family").

4

on Duncan (*id.* at 13); a motion to dismiss Duncan's Yellowstone County Justice Court case without prejudice (*id.* at 14); various fax coversheets sent by Duncan referencing the signals and IP address (*id.* at 16-20); and a Billings Municipal Court docket sheet indicating the City moved to dismiss charges against Duncan on 10/30/18 (*id.* at 1, 22).

### III. Discussion

Because Duncan is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also, *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). In view of the required liberal construction, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F. 3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F. 3d 494, 497 (9th Cir. 1995)).

#### a. Jurisdiction

Although it is unclear exactly what claim Duncan seeks to advance against the FCC, Duncan has failed to allege that the FCC or its agents acted under color of state law, and that the FCC's action violated rights created by the Constitution or federal statute.

5

To state a claim under 42 U.S.C. §1983, a plaintiff must allege: (1) a violation of a right protected by the Constitution or created by federal statute (2) that was proximately caused by conduct (3) of a person (4) acting under color of state law. *Crumpton v. Gates*, 947 F. 2d 1418, 1420 (9th Cir. 1991); *Plumeau v. Sch. Dist. #40 County of Yamhill*, 130 F. 3d 432, 438 (9th Cir. 1997). This section does not provide a cause of action for actions taken under the color of federal law. *Billings v. United States*, 57 F. 3d 797, 801 (9th Cir. 1995); *Stonecipher v. Bray*, 653 F. 2d 398, 401 (9th Cir. 1981); *Daly-Murphy v. Winston*, 837 F. 2d 348, 355 (9th Cir. 1987). Because the FCC acts under federal law, rather than state law, Duncan's allegations do not establish viable grounds for relief against the FCC. Accordingly, as to the FCC, this Court lacks jurisdiction and Duncan has failed to state a claim under 42 U.S.C. §1983.

As set forth above, Duncan provides limited information about the John Doe Defendants, and the basis for the Court's jurisdiction of his claims against them is unclear. It is uncertain whether he believes these individuals reside in Montana. Additionally, Duncan does not indicate if he is seeking monetary damages. (Doc. 2 at 7, ¶V.) Thus, Duncan's pleading on its face does not assert the Court's diversity jurisdiction. But even assuming Duncan could adequately establish diversity jurisdiction under 28 U.S.C. §1332(a),[2] for the reasons discussed herein,

---

[2] Federal law provides that the district court have jurisdiction over civil actions

6

the Court concludes his pleading is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as it is frivolous, and does not present plausible, legitimate, or viable grounds for relief.

### b. Frivolousness

The court retains discretion in determining whether a pleading is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A pleading is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). See also, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33 (citing *Neitzke*, 490 U.S. at 325, 327-8). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; see also, *In re Thomas*, 508

---

where the matter in controversy exceeds $75,000 and the civil action is between citizens of different states. See, 28 U.S.C. § 1332(a); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

7

F. 3d 1225, 1227 (9th Cir. 2007)(holding a court may dismiss an IFP case "as frivolous before service of process when the complaint recites 'bare legal conclusions with no suggestion of supporting facts, or postulat[es] events and circumstances of a wholly fanciful kind'"(citations omitted)).

The basis for Duncan's complaint is difficult to decipher and his exhibits do not lend support to his claims. As explained above, Duncan alleges that a computer and the corresponding technology he invented, in conjunction with his Navy Seal Team, was stolen and is now being used against him by unknown individuals. Duncan contends he is being electrocuted and poisoned with uranium and that these assaults began in June of 2015 and continue to the present day.

Mr. Duncan's allegations are facially irrational and wholly incredible. They plainly fall within the class of "clearly baseless" claims that a district court may dismiss as factually frivolous. See, *Denton*, 504 U.S. at 32-33; see also 28 U.S.C. §1915A(b)(1).

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted). But here, there is no reason to believe the factual allegations could be remedied through amendment or more specific pleading because the claims are inherently frivolous. See, *Lopez v. Smith*, 203 F. 3d 1122,

1127 n. 8 (9th Cir. 2000) (en banc). The complaint should be dismissed.

### c. Outstanding Motions

Mr. Duncan has filed a motion "for a warrant" requesting this Court order the disclosure of the signal and the IP address of the computer being used upon him. See, (Docs. 2-1 & 4). Additionally, he requests the recordings and files from a 1995 United Nations tribunal, which was allegedly attended by a three-star general from the military courts, three justices of the United States Supreme Court, and members of the Geneva Convention, during which Mr. Duncan claims to have been made a "five-star full bird." (Doc. 6.) Finally, Mr. Duncan, apparently unhappy with the amount of time it has taking for resolution of this case, filed a motion seeking to have the United States Supreme Court direct this Court to issue a ruling on his motions. (Doc. 7.)

But because there exists no plausible basis in fact for this Court to grant Mr. Duncan relief due to the frivolous nature of his allegations, there is, likewise, no corresponding basis upon which to entertain his motions. Accordingly, this Court will order all outstanding motions be denied.

Based upon the foregoing, the Court issues the following:

### ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on November 9, 2018.

3. Mr. Duncan's motions (Docs. 4, 6, and 7) are denied.

Further the Court issues the following:

## RECOMMENDATION

This matter should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

## NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Duncan may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of April, 2019.

/s/ Timothy J. Cavan
Timothy J. Cavan
United States Magistrate Judge